## HEARNE LOCAL MUT. AID ASS'N v. CRUTCHFIELD.

### No. 1382.

Court of Civil Appeals of Texas. Waco.

May 18, 1933.

Rehearing Denied June 15, 1933.

Tom P. Scott, of Waco, for appellant.

J. Felton Lane, of Hearne, for appellee.

ALEXANDER, Justice.

Gilbert Lawrence Crutchfield brought this suit against the Hearne Local Mutual Aid Association to recover on a mutual aid life insurance policy in the sum of $1,000 issued by the defendant on the life of Minor L. Peace, in which policy the plaintiff was named as beneficiary. A trial before the court without a jury resulted in judgment for the plaintiff. The defendant appealed.

The only material question to be considered is the amount of the judgment that should have been rendered. The policy was in the usual form of a local mutual aid policy and bound the association to pay the beneficiary the sum of $1 collected from each member in class C in good standing at the time of the death of the member, not to exceed $1,000. The plaintiff sought to recover the maximum amount of the policy. In the alternative, he alleged that he and the association had entered into an agreement by which the association had agreed to pay him the sum of $400 in full settlement of the claim, but that the association afterwards breached its agreement. The trial court entered judgment for $400, and, after reciting therein that the association had no funds from which the claim could be collected, ordered that a writ of mandamus issue against the officers of the association directing them to levy an assessment of $1 on each of the members of said class and to pay the proceeds collected therefrom, not to exceed $400, to the appellee.

The insured died on January 14, 1932. Joe Pinto, secretary of the association, testified that at the time of the death of the insured there were 698 members in said class C and that no assessment had ever been run on account of the death of the insured. He testified, however, that on January 15, 1932, the day after the death of the policyholder in this case, an assessment was run on the members in class C on account of the death of another member and that only 219 members in said class paid said assessment. From this the appellant contends that there were only 219 members in said class in good standing at the time of the death of the insured, and that, therefore, the judgment should have been for the sum of $219 only. There was evidence tending to support the allegations that the association agreed to pay the sum of $400 in settlement of the claim.

The burden was upon the association to both plead and prove that the class to which the deceased belonged did not contain sufficient members to authorize or require the association to pay the maximum amount provided for in the policy. Amarillo Mutual Benev. Ass'n. v. Franklin (Tex. Com. App.) 50 S.W.(2d) 264, par. 10, and cases there cited. The appellant nowhere alleged the number of members in the class in question nor that an assessment had been run nor the amount that could be realized therefrom. The pleadings therefore were insufficient to raise the issue that an assessment would not produce a sufficient amount to pay the maximum amount of the policy. Aside from the question of pleading, the weight to be given to the testimony of the secretary of the association, who was an interested witness, as to the number of members who paid the assessment levied on January 15th, was for the trial court. Thraves v. Hooser (Tex. Com. App.) 44 S.W.(2d) 916, par. 4; Dallas Trust & Savings Bank v. Pickett (Tex. Civ. App.) 59 S.W.(2d) 1090, and cases there cited. In

view of his positive testimony that there were more than 400 members in said class C, and in view of the evidence tending to support the compromise agreement, we think the judgment of the trial court is supported by the evidence.

The judgment of the trial court is affirmed.